UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| **RONDA THORINGTON,**<br>　　　　Plaintiff,<br><br>v<br><br>**PRO CUSTOM SOLAR, LLC d/b/a**<br>**MOMENTUM SOLAR,**<br>　　　　Defendant. | )<br>)<br>) **C. A. No.:**<br>)<br>)<br>) **Complaint and Demand for Jury Trial**<br>)<br>)<br>)<br>) |

## COMPLAINT

RONDA THORINGTON (Plaintiff), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against PRO CUSTOM SOLAR, LLC d/b/a MOMENTUM SOLAR (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Connecticut and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Connecticut.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Manchester, Connecticut 06040.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 325 High Street Metuchen, New Jersey 08840.

8. Defendant is "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number ending in 8903.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around September of 2019, Defendant placed calls to Plaintiff on her cellular phone for solicitation purposes.

13. Plaintiff was not interested in obtaining solar panels, she did not request information from Defendant, and she did not consent to the calls.

14. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

15. Plaintiff has been on the Do Not Call Registry since 2003.

16. Shortly after the calls began, Plaintiff declined the services that Defendant was offering and demanded that Defendant stop calling her.

17. Once Defendant was aware that its calls were unwanted and that Plaintiff did not wish to be contacted, any calls could have only been made solely for purposes of harassment.

18. Despite Plaintiff demanding not to be called and being on the Do Not Call Registry, Defendant persisted in calling Plaintiff.

19. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RONDA THORINGTON, respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

  f.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  g.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RONDA THORINGTON, demands a jury trial in this case.

         RESPECTFULLY SUBMITTED,

         *By:  /s/ Angela K. Troccoli*
           Angela K. Troccoli, Esquire, Id# ct28597
           Kimmel & Silverman, P.C.
           30 E. Butler Pike
           Ambler, PA 19002
           Direct Dial: (401) 764-5566
           Facsimile:  (401) 764-5567
           teamkimmel@creditlaw.com