# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RONDA THORINGTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **PRO CUSTOM SOLAR, LLC d/b/a** | ) |
| **MOMENTUM SOLAR,** | ) |
| | ) |
| **Defendant** | ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION TO STAY OR, IN THE ALTERNATIVE,
### TO DISMISS PLAINTIFF'S COMPLAINT

---

DANAHERLAGNESE, P.C.
Capitol Place
21 Oak Street, 7th Fl.
Hartford, CT 06106

Attorneys for Defendant
Pro Custom Solar, LLC d/b/a
Momentum Solar

Oral Argument Requested

## PRELIMINARY STATEMENT

This litigation should be stayed. At this very moment, the United States Supreme Court is considering the case of *Facebook v. Duguid*, No. 19-511. *Duguid* is a Telephone Consumer Protection Act ("TCPA") case that will likely bring a sea change to TCPA litigations. The Supreme Court is considering a split among circuit courts regarding the scope of the TCPA statute. Here, Plaintiff's causes of action arise—exclusively—under the TCPA. The very allegations Plaintiff advances here may be deemed a failure, as a matter of law, to state a TCPA claim once *Duguid* is decided.

In the alternative, Plaintiff's two-count complaint should be dismissed for failure to state a claim. Count One does not state a claim because Plaintiff fails to establish that Defendant used unlawful dialing technology. Count Two does not state a claim because Plaintiff fails to establish that Defendant transmitted multiple telephone solicitations, within a 12-month period, to a phone number registered with the national do-not-call ("DNC") database.

Accordingly, pursuant to F.R.C.P. 12(b)(6), Defendant respectfully requests that the Court enter an Order staying this litigation or, in the alternative, dismissing Plaintiff's Complaint in its entirety.

## ARGUMENT

I. **LEGAL STANDARDS**

   A. **Stay of Litigation**

"A district court has 'broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Tyus v. Semple*, No. 3:19-cv-0073, 2020 U.S. Dist. LEXIS 39181, at *5-6 (D. Conn. Mar. 6, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

"In deciding whether or not to stay a case, courts in the Second Circuit balance five factors: (1) the private interests of the plaintiff in proceeding expeditiously balanced against the prejudice to him if the litigation is delayed, (2) the private interests of and burden on the defendants, (3) the interests of the courts, (4) the interests of non-parties, and (5) the public interest." *Id.* at *6 (citing *Catskill Mountains Chapter of Trout Unlimited, Inc. v. United States E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)).

B.  **Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

"In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has alleged 'enough facts to state a claim to relief that is plausible on its face.'" *Wilcox v. Fishers Island Ferry Dist.*, No. 3:20-cv-0678, 2021 U.S. Dist. LEXIS 38524, at *3 (D. Conn. Mar. 2, 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss, and 'must draw all reasonable inferences in favor of the non-moving party.'" *Id.* (quoting *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008)). "However, 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to survive a motion to dismiss." *Id.* (quoting *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014)).

II.  **THIS LITIGATION SHOULD BE STAYED UNTIL THE SUPREME COURT ISSUES A DECISION IN *FACEBOOK V. DUGUID*.**

The TCPA's very foundation is being reviewed by the United States Supreme Court. On December 8, 2020, the United States Supreme Court heard argument in *Facebook v. Duguid*, No.

19-511.  The question presented for review is: "Whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'"

In the present case, Plaintiff's allegations will rise and fall based on the ATDS definition. The very first count in Plaintiff's complaint alleges Defendant unlawfully used an ATDS. Critically, the allegations Plaintiff lobs are allegations that the United States Supreme Court is evaluating vis-à-vis the TCPA's ATDS definition.  *See* Compl. ¶ 25 ("The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.").  Should the United States Supreme Court rule, in-line with decisions already issued by multiple circuit courts, that Plaintiff's allegations do not align with the ATDS definition, then Plaintiff's claim could be dismissed at the pleading stage.

As noted above, there are five factors considered when evaluating a stay application.  All five call for Defendant's stay request to be granted.  *Van Elzen v. Global Strategy Grp., LLC*, No. 20-cv-3541, 2021 U.S. Dist. LEXIS 9671, at *11 (S.D.N.Y. Jan. 19, 2021) (granting the TCPA defendant's application to stay the case while *Duguid* is pending, noting "[t]he arguments for staying the case are strong").

A stay will not prejudice Plaintiff, Defendant, or any non-party.  Factors one, two, and four are thus in favor of a stay.  No reasonable argument can be made that Plaintiff—or anyone—would be harmed during a limited stay of this case.  For example, there is no evidence that will be destroyed due to the passage of time and neither party needs immediate relief.  A brief stay of the case will not alter the factual circumstance.  *Pappas v. Mypizza Techs., Inc.*, No. 20-cv-5680, 2020 U.S. Dist. LEXIS 226769, at *3 (S.D.N.Y. Dec. 3, 2020) (staying a TCPA case while *Duguid* is pending, and rejecting the plaintiff's prejudice arguments because "the stay

4

pending the Supreme Court's ruling will cause minimal delay; the Supreme Court is scheduled to hold oral argument on December 8, 2020 and is expected to issue a decision by June 2021"). The legal foundations for Plaintiff's claims, however, could look drastically different after the Supreme Court's ruling.

A stay in this case will simplify issues and promote judicial economy. Factors three and five are thus in favor of a stay. The relevance of the Supreme Court's decision in *Duguid* to Plaintiff's claims cannot be overstated. *Duguid* could prove dispositive. *Bowes v. Am. Eagle Outfitters, Inc.*, No. 18-cv-9004, 2021 U.S. Dist. LEXIS 23568, at *3 (S.D.N.Y. Feb. 8, 2021) ("The Supreme Court's decision in [*Duguid*] will resolve the current circuit split regarding what type of device qualifies as an [ATDS] . . . . The answer to that question is 'pivotal' to the claims presented in this case . . . .). It would be a waste of resources to litigate this case only to find that the ATDS definition has changed. Staying this case pending resolution of *Duguid* will avoid spending time and money on a claim that should be dismissed based on the statutory definition of a fundamental term (*i.e.*, ATDS).

The reasonableness of Defendant's stay request is illustrated by the host of courts that have stayed TCPA lawsuits while *Facebook v. Duguid* remains pending—including several within the Second Circuit. *See, e.g.*, *Thompson v. Fluent, Inc.*, No. 20-cv-2680, 2020 U.S. Dist. LEXIS 224591, at *6 (S.D.N.Y. Nov. 29, 2020) (collecting cases and granting the TCPA defendant's stay application); *Barry v. Ally Fin., Inc.*, No. 20-cv-12378, 2021 U.S. Dist. LEXIS 48997 (E.D. Mich. Mar. 16, 2021).

For the above reasons, this Court should stay this action pending the Supreme Court's resolution of *Facebook v. Duguid*. If the case proceeds, however, Plaintiff's complaint must be dismissed. That is explained in greater detail in the ensuing section.

### III. IN THE ALTERNATIVE, PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TCPA.

Alternatively, even if this litigation is not stayed, Plaintiff's two TCPA claims must be dismissed for failure to state a claim.

#### A. Count One should be dismissed because Plaintiff fails to establish that Defendant used unlawful dialing technology.

Plaintiff alleges—in conclusory fashion—that Defendant violated the TCPA by contacting her via an unlawful ATDS. There are two reasons why Count One cannot survive a dismissal motion.

First, Plaintiff's ATDS allegations are conspicuously disconnected from the ATDS definition. The TCPA defines an "automatic telephone dialing system" to mean "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Plaintiff's complaint alleges that the dialer at issue "calls telephone numbers without being prompted by human intervention before each call." Compl. ¶ 24. Plaintiff further alleges that the dialer "has the present and/or future capacity to dial numbers in a random and/or sequential fashion." *Id.* at ¶ 25.

On their face, those allegations have no bearing on whether Defendant's dialing technology "has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."

This is not a case where the claimant is parroting legal elements to bring a lawsuit. Rather, this is a case where Plaintiff's allegations do not align with the elements for the claim she is attempting to bring. Plaintiff is trying to force a square peg into a round hole.

Second, even assuming Plaintiff's ATDS definition aligned with the statute's definition, Plaintiff provides no facts—whatsoever—that connect her conclusory allegations with actual

6

ATDS usage. The District of Connecticut recently dismissed a TCPA complaint that did exactly what Plaintiff's complaint attempts to do here; the District of Connecticut dismissed a TCPA complaint that failed to provide any facts suggesting the defendant used an ATDS. *Sterling v. Securus Techs., Inc.*, No. 3:18-cv-1310, 2020 U.S. Dist. LEXIS 79618, at *9-12 (D. Conn. May 6, 2020). Defendant respectfully requests this Court rule the same here.

Again, this is not a case where the claimant is parroting legal elements to bring a lawsuit. Plaintiff ignores her obligation to plead facts. Instead, Plaintiff merely labels Defendant's dialing technology an ATDS, misquotes the TCPA's ATDS definition, and then moves on with the rest of her terse complaint.

Courts across the country have dismissed TCPA complaints at the pre-answer stage where the plaintiff fails to plead any facts to support ATDS contentions. *See, e.g.*, *Spiedel v. JP Morgan & Chase Co.*, No. 2:13-cv-0852, 2014 U.S. Dist. Lexis 18437, at * 5-6 (M.D. Fla. Feb. 13, 2014) (granting dismissal motion due to the plaintiff's insufficient ATDS allegations); *Montinola v. Synchrony Bank*, No. 17-cv-8963, 2018 U.S. Dist. LEXIS 146716 (D.N.J. Aug. 28, 2018) (same). The outcome should be the same here.

  **B.**  **Count Two should be dismissed because Plaintiff fails to establish that Defendant transmitted multiple telephone solicitations, within a 12-month period, to a phone number registered with the national DNC database.**

Plaintiff alleges—again in conclusory fashion—that Defendant violated the TCPA because her phone number is on the national DNC registry. Compl. ¶ 34. For a TCPA claimant to sufficiently plead that she received telemarking calls to a telephone line listed on the DNC

Registry,[1] it naturally follows that the claimant must plead facts to support her claim that the calls constituted telemarketing.

"The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . ." 47 U.S.C. § 227(a)(4).  If a plaintiff fails to plead facts sufficient to cast a telephone call as a telephone solicitation, then the plaintiff's claim must be dismissed.  *Norman v. N. Ill. Gas Co.*, No. 13-cv-3465, 2014 U.S. Dist. LEXIS 5908, at *6-8 (N.D. Ill. Jan. 16, 2014) (dismissing plaintiff's complaint for failing to establish that "the calls were made for solicitation of business"); *Joseph v. ARS Nat'l Servs., Inc.*, No. 1:13-cv-4123, 2014 U.S. Dist. LEXIS 189467, at *20-21 (N.D. Ga. Feb. 21, 2014) (same).

Plaintiff's complaint provides no facts—whatsoever—that indicate the calls were telephone solicitations.  That is fatal to her claim.

> To survive a motion to dismiss, Plaintiff must adequately allege that the calls received were unsolicited advertisements as that term is defined in the TCPA.  Plaintiff does not describe the calls, but simply avers that the calls were made "for the purpose of soliciting for [Defendant's] products or services."  This is nothing more than a conclusion, which *Twombly* specifically prohibits.  Without "further factual enhancement," Plaintiff's allegation that the calls were unsolicited advertisements is insufficient to survive a motion to dismiss.

*Gulden v. Consol. World Travel Inc.*, No. 16-cv-1113, 2017 U.S. Dist. LEXIS 23350, at *7 (D. Ariz. Feb. 15, 2017) (internal citations omitted); *see also Spiedel,* 2014 U.S. Dist. Lexis 18437, at *6 ("[P]laintiff has failed to identify the nature of the calls; thus, it is impossible to know if the automated calls were unlawful or exempt by rule or order.").

---

[1]   The TCPA prohibits any person or entity from initiating any "telephone solicitation" to a "residential telephone subscriber" who has listed his or her telephone number on the DNC registry. 47 C.F.R. 64.1200(c)(2).

Rather than plead the type of supporting facts that one would plead if she so maintained them, Plaintiff cryptically avers "the calls were made for solicitation purposes." Compl. ¶ 14. Plaintiff cannot cook up a TCPA claim if her only ingredients are copied-and-pasted quotes from the TCPA statute.

Plaintiff does not discuss what specific services or goods were offered via these calls, under what terms, and at what price. Plaintiff does not discuss how the calls could be construed as encouraging a business transaction, even assuming goods or services were mentioned during the calls. Were the callers attempting to pitch solar panels in an aggressive, "always be closing" manner? Or were they attempting to contact someone other than Plaintiff for other reasons entirely? A reader of the complaint is left wondering.

Plaintiff's complaint merely alleges that she received telephone calls; it does not allege that she received telephone solicitations. *See Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."). The TCPA does not prohibit telephone calls of all types and purpose. The TCPA only restricts certain types of telephone solicitations. *See Shupe v. Capital One Bank USA NA*, No. 16-cv-0571, 2018 U.S. Dist. LEXIS 183456, at *13-14 (D. Ariz. Oct. 25, 2018) (granting defendant's summary-judgment motion given the plaintiff's failure to offer any evidence illustrating the purpose of the alleged telephone solicitations).

## **CONCLUSION**

For the reasons set out in this motion, Defendant prays that this Court grant its Motion to Stay or, in the alternative, Dismiss under Federal Rule of Civil Procedure 12(b)(6).

THE DEFENDANT,
PRO CUSTOM SOLAR, LLC d/b/a
MOMENTUM SOLAR

BY: *s/ Thomas N. Lyons*
Thomas N. Lyons ct26937
DANAHERLAGNESE, P.C.
21 Oak Street, Suite 700
Hartford, Connecticut 06106
Telephone: 860.247.3666
Facsimile: 860.547.1321
Email: tlyons@danaherlagnese.com

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Angela K. Troccoli, Esq.
KIMMEL & SILVERMAN, P.C.
30 E. Butler Pike
Ambler, PA 19002
Email: teamkimmel@creditlaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s:/ Thomas N. Lyons*
Thomas N. Lyons
(ct 26937)